## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOHN C. DEPAOLI,

      Plaintiff,

v.                                          No. 1:23-cv-00438-KRS

MARCO P. SERNA,
DORRIE BIAGINTI-SMITH,
ALAN KIRK,
ELIZABETH K. ALLEN,
MONICA MONTANO-SCHWEINER,
MATHEW EARLY,
CITY & COUNTY OF LOS ALAMOS,
T. GLENN ELLINGTON,
BOGLARKA FOHGI, and
CITY & COUNTY OF SANTA FE,

      Defendants.

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
### ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for Violation of

Civil Rights, Doc. 1, filed May 19, 2023 ("Complaint"), and Plaintiff's Application to Proceed in

District Court Without Prepaying Fees or Costs, Doc. 2, file May 19, 2023.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the

Court may authorize the commencement of any suit without prepayment of fees by a person who

submits an affidavit that includes a statement of all assets the person possesses and that the

person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma
> pauperis, it should examine the papers and determine if the requirements of
> [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted.

> Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).  "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...."  *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income during the past 12 months is $1,333.00; (ii) Plaintiff's monthly expenses total $1,160.00.  The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of these proceedings and his monthly expenses are approximately equal to his low monthly income.

**The Complaint**

This case arises from the prosecution, from late 2018 through June 2020, of Plaintiff and his convictions, apparently for traffic violations, after bench trials in Los Alamos County Municipal Court and First Judicial District Court.  *See* Complaint at 6.  Plaintiff alleges he was denied due process because he "was unlawfully adjudicated, convicted and punished by a judiciary and officers of the court" and "[a]ny State statute, constitutional provision, rule, practice, etc.," that "cedes 'original Jurisdiction' to an inferior State tribunal, when the State itself is 'Party' to that 'Case,'" or "abolishes jury trials for 'Criminal Complaints'" is

2

unconstitutional.  Complaint at 6.  Plaintiff seeks: (i) $100 million in damages; (ii) to have the charges against him dismissed and expunged; and (iii) reinstatement of his driver license "in perpetuity."  Complaint at 7.

The Complaint fails to state claims upon which relief can be granted against Defendants Kirk, Allen and Ellington, who are judges.  *See* Complaint at 3-4.  "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").  Plaintiff's argument that the Los Alamos County Municipal Court and the First Judicial District Court did not have jurisdiction is without merit.  Plaintiff quotes Article III, Section 2, Paragraph 2, of the United States Constitution which states "In all Cases ... in which a State shall be Party, the Supreme Court shall have original jurisdiction." Complaint at 6.  Article III of the United States Constitution describes the judicial power of United States Courts, not state courts.  Plaintiff's argument that he was entitled to a trial by jury is also without merit.  Plaintiff quotes Article III, Section 2, Paragraph 3, of the United States Constitution which states "The trial of all Crimes ... shall be by Jury."  Complaint at 6.  "[T]here is no right to a trial by jury under the Constitution for petty offenses."  *United States v. Sain*, 795 F.2d 888, 891 (10th Cir. 1986) (quoting *Codispoti v. Pennsylvania*, 418 U.S. 506, 512 (1974); *Elliott v. City of Wheat Ridge*, 49 F.3d 1458, 1459 (10th Cir. 1995) ("The Supreme Court has held that "there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision and should not be subject to the Fourteenth Amendment jury

3

trial requirement ... applied to the states.") (quoting *Duncan v. Louisiana,* 391 U.S. 145, 159 (1968)).

The Complaint fails to state claims against Defendants Serna and Biaginti-Smith, who are prosecutors.  *See* Complaint at 2.  "[A] prosecutor is entitled to absolute immunity for those actions that cast him in the role of an advocate initiating and presenting the government's case." *Mink v. Suthers,* 482 F.3d 1244, 1261 (10th Cir. 2007).  There are no factual allegations that Defendants Serna and Biaginti-Smith were not acting as advocates in the Defendant governments' cases in Los Alamos County Municipal Court and First Judicial District Court.

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 against Defendant Fohgi, who is a public defender.  *See* Complaint at 4.  "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).  "[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing their traditional functions as counsel to a criminal defendant."  *Dunn v. Harper County*, 520 Fed.Appx. 723, 725-726 (10th Cir. 2013) (*quoting Polk County v. Dodson,* 454 U.S. 312, 325 (1981)).  There are no factual allegations regarding Defendant Fohgi.

The Complaint fails to state claims against Defendants Montano-Schweiner and Early, who are probation officers.  *See* Complaint at 2.  "[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved.  Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral

relationship with the judicial process." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 728 (10th Cir. 2008). There are no factual allegations regarding Defendants Montano-Schweiner and Early.

The Complaint fails to state claims against Defendants "City & County of Los Alamos" and "City & County of Santa Fe." *See* Complaint at 4. "To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." *McLain v. Sheriff of Mayes County*, 595 Fed.Appx. 748, 753-754 (10th Cir. 2014) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir. 1998) and *Monell v. Dep't of Soc. *754 Servs.,* 436 U.S. 658, 694 (1978)). The Complaint does not show that any city or county employees violated Plaintiff's constitutional rights.

The Complaint also fails to state claims against Defendants because it does not state with particularity what each Defendant did to Plaintiff and when each Defendant did it. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007)

The Court orders Plaintiff to show cause why the Court should not dismiss this case for failure to state a claim upon which relief can be granted. If Plaintiff asserts that the Court should not dismiss any claims in this case, Plaintiff must file an amended complaint alleging facts that state a claim over which the Court has jurisdiction.

## Service on Defendants

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will

not order service of a summons and the Complaint on Defendants at this time because the Court

is ordering Plaintiff to file an amended complaint.  The Court will order service if Plaintiff files:

(i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a

motion for service which provides each Defendant's address.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional
> responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to
> become familiar with and to comply with the *Federal Rules of Civil Procedure*
> and the *Local Rules of the United States District Court for the District of New
> Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November

2019).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil

Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of

Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status

does not excuse the obligation of any litigant to comply with the fundamental requirements of

the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written
> motion, or other paper--whether by signing, filing, submitting, or later advocating
> it--an attorney or unrepresented party certifies that to the best of the person's
> knowledge, information, and belief, formed after an inquiry reasonable under the
> circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause
> unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law
> or by a nonfrivolous argument for extending, modifying, or reversing existing law
> or for establishing new law;

6

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff

to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or

        Costs, Doc. 2, file May 19, 2023, is **GRANTED.**

(ii)    Plaintiff shall, within 21 days of entry of this Order, show cause why the Court

        should not dismiss this case for failure to state a claim and file an amended

        complaint.  Failure to timely show cause and file an amended complaint may

        result in dismissal of this case.

**UNITED STATES MAGISTRATE JUDGE**